```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF MASSACHUSETTS


DEEPAK JAHAGIRDAR,                )
     Petitioner,                  )
                                  )
          v.                      )   C.A. No. 07-10923-MLW
                                  )
UNITED STATES OF AMERICA,         )
     Respondent.                  )
```

                        MEMORANDUM AND ORDER

WOLF, D.J.                                          August 28, 2009

    In a February 11, 2009 Memorandum and Order, the court denied petitioner Deepak Jahagirdar's Motion Under §2255 to Vacate, Set Aside or Correct Sentence (the "Petition"). Jahagirdar subsequently filed a Motion for Reconsideration of Memorandum and Order ("Motion For Reconsideration") and a Request for Certificate of Appealability ("COA Request"). The Motion to Reconsider is being denied. The COA Request is being allowed as to two issues that might be deemed "debatable" and therefore eligible for the issuance of a Certificate of Appealability ("COA").

    Jahagirdar has made his Motion for Reconsideration under Federal Rule of Civil Procedure 60(b). However, none of the arguments in his Motion for Reconsideration relate to the grounds for relief enumerated in Rule 60(b). Instead, all of his arguments relate to alleged mistakes of law made by the court in denying his §2255 petition. A motion for reconsideration requesting that the Court reconsider an earlier dismissal of a case because of an erroneous legal result is properly brought under Federal Rule of

Civil Procedure 59(e). See Marie v. Allied Home Mortgage Corp., 402 F.3d 1, 7 (1st Cir. 2005)("[A] motion for reconsideration should be construed as a motion to alter or amend a judgment under Rule 59(e) where this is relevant for jurisdictional purposes."); Appeal of Sun Pipe Line Co., 831 F.2d 22, 24 (1st Cir. 1987)("[I]t is settled in this circuit that a motion which asked the court to modify its earlier disposition of a case because of an allegedly erroneous legal result is brought under Fed. R. Civ. P. 59(e).").

A motion under Rule 59(e) must be made within 10 days of the entry of judgment. In this case, judgment was entered on February 11, 2009. Jahagirdar did not file his Motion for Reconsideration until March 6, 2009, well after the 10-day period in which a motion under Rule 59(e) could properly be filed. "The ten-day time bar under Rule 59(e) is jurisdictional." Barrett v. United States, 965 F.2d 1184, 1187 (1st Cir. 1992). "[It] is one of the few limitary periods which the court has no power to enlarge." Rivera v. M/T Fossarina, 840 F.2d 152, 154 (1st Cir. 1988).

Therefore, Jahagirdar's Motion for Reconsideration fails to present a ground for relief cognizable under Rule 60. Construed as a request made under Rule 59(e), the motion must be denied as time-barred.

Nevertheless, the court has considered the merits of Jahagirdar's Motion for Reconsideration and finds that it would not provide grounds for relief even if the request had been timely

filed. "A court appropriately may grant a motion for reconsideration 'where the movant shows a manifest error of law or newly discovered evidence.'" Ruiz Rivera v. Pfizer Pharmaceuticals, LLC, 521 F.3d 76, 81 (1st Cir. 2008)(quoting Kansky v. Coca-Cola Bottling Co. of New England, 492 F.3d 54, 60 (1st Cir. 2007)). "Likewise, a motion for reconsideration should be granted if the court 'has patently misunderstood a party . . . or has made an error not of reasoning but apprehension.'" Id. at 82 (quoting Sandoval Diaz v. Sandoval Orozco, No. 01-1022, 2005 WL 1501672, at *2 (D.P.R. June 24, 2005)). However, "simple disagreement with the court's decision is not a basis for reconsideration." Ofori v. Ruby Tuesday, Inc., 205 Fed. App'x 851, 853 (1st Cir. 2006). In addition, "[t]he repetition of previous arguments is not sufficient to prevail on a Rule 59(e) motion." United States v. $23,000 in U.S. Currency, 356 F.3d 157, 165 & n.9 (1st Cir. 2003).

In denying the petition, the court considered Jahagirdar's arguments and found them each to be without merit. He now offers nothing new. Therefore, even if not time-barred, the Motion for Reconsideration would be found to be without merit.

In order to obtain a COA, Jahagirdar must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). To make this showing, he "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong." Miller-El v.

Cockrell, 537 U.S. 332, 338 (2003) (internal quotation marks omitted).  A claim "can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that petitioner will not prevail." Id.  The threshold for obtaining a COA has been described as a "low standard." Beardslee v. Brown, 393 F.3d 899, 902 (9th Cir. 2004).

However, the "issuance of a COA must not be pro forma or a matter of course" because by enacting the Anti-Terrorism and Effective Death Penalty Act, 28 U.S.C. §2241 et seq, "Congress confirmed the necessity and the requirement of differential treatment for those appeals deserving of attention from those that plainly do not." Miller-El, 537 U.S. at 337.  The determination of whether the COA standard is met is a separate inquiry from review of the underlying merits of the habeas petition.  Id. at 341.

In addition, a §2255 petitioner is generally not entitled to raise claims in a §2255 proceeding if they have not been first presented in a direct appeal. See Reed v. Farley, 512 U.S. 339, 354 (1994); Knight v. United States, 37 F.3d 769, 774 (1st Cir. 1994). A claim not previously raised on direct appeal may only be considered in a §2255 proceedings, including on appeal, if the petitioner makes a showing of cause for not raising the issue earlier and actual prejudice, or establishes his actual innocence. See Bousley v. United States, 523 U.S. 614, 622 (1988). The one exception to this rule is that claims of ineffective assistance of

counsel may be raised in a §2255 petition without being first raised on direct appeal. See Massaro v. United States, 538 U.S. 500, 509 (2003); United States v. Rodriquez, 457 F.3d 109, 117 (1st Cir. 2006).

Jahagirdar's arguments in support of his COA Request repeat the arguments raised in support of his §2255 Petition and his Motion for Reconsideration. While many of these arguments are defaulted because he failed to raise them on direct appeal, Jahagidar raises two ineffective assistance of counsel arguments that are not subject to procedural default and present issues on which this court's decisions were "debatable." Miller-El, 537 U.S. at 338. Therefore, Jahagirdar is entitled to a COA on these issues.

Jahagirdar argues that his counsel was ineffective because he failed to object to the government's use of an anatomical diagram as a chalk. He also contends that the diagram inflamed the jury and rendered his trial fundamentally unfair. Jahagirdar notes that a statute dealing with child witnesses' rights provides that "[t]he court may permit a child to use anatomical . . . drawings . . . for the purpose of assisting a child in testifying." 18 U.S.C. §3509(l). He asserts that this statute deprives the court of the authority to allow an adult witness to use an anatomical drawing to illustrate her testimony. The alleged victim in this case was an adult.

In deciding the §2255 petition, this court found that it had

broad discretion to permit a party to use a demonstrative device. See February 11, 2009 Memorandum and Order at 8 (citing Bower v. O'Hara, 759 F.2d 1117, 1127 (3d Cir. 1985)). The diagram admitted as a chalk facilitated the jury's understanding of the alleged victim's testimony. Id. Therefore, any objection to the use of the diagram as a chalk would have been unavailing. Id. at 8-9 (citing United States v. Alvarez, 478 F.3d 864, 866 (8th Cir. 2007) and United States v. Peneaux, 432 F.3d 887, 888, 891 (8th Cir. 2005)). Accordingly, defense counsel's failure to object to the use of the diagram did not make, or contribute to making, his representation ineffective. Id. at 9.

While the court continues to believe its reasoning was correct, Jahagirdar's contention that §3509(l) limits the permissible use of anatomical drawings to testimony by child witnesses seems to present a novel issue, undecided by any court. Therefore, Jahagirdar's COA Request is being allowed on the issues of whether defense counsel's failure to object to its use as a chalk was deficient and prejudicial, rendering him ineffective, and whether Jahagirdar's appellate counsel was ineffective in not raising this issue on appeal. See Strickland v. Washington, 466 U.S. 668, 689-699 (1984)(requiring (1) that counsel's performance fell below an objective standard of reasonable effectiveness; and (2) that counsel's deficient performance was so prejudicial as to undermine confidence in the outcome of the trial). These

ineffective assistance of counsel claims are not procedurally defaulted by the failure to raise them on direct appeal. See Massaro, 538 U.S. at 509. However, Jahagirdar's arguments unrelated to ineffective assistance, that it was an error of law for the court to allow the use of the diagram as a chalk, and that the use of the chalk otherwise deprived Jahagirdar of a fair trial, are procedurally defaulted because he failed to raise them on direct appeal and has not made the required showing of cause and prejudice or actual innocence. See Reed, 512 U.S. at 354.

Jahagirdar also contends that he is actually innocent and that his counsel was ineffective in failing to bring to the attention of the jury the fact that Trooper Kevin Hogaboom did not testify in the grand jury that the victim claimed that her vagina had been penetrated.

Hogaboom's grand jury testimony was provided to Jahagirdar and his counsel before trial. Therefore, it is not newly discovered evidence. While the grand jury testimony might have been used as a prior inconsistent statement to impeach Hogaboom, it is not evidence of Jahagirdar's actual innocence.

This court has not found that the failure of defense counsel to cross-examine Hogaboom concerning his grand jury testimony rendered him ineffective. In the grand jury, the Trooper testified that the victim told him that Jahagirdar had put his hands "down her pants and panties, touching her vagina." July 26, 2002

Transcript at 33. Hogaboom's report did not state that the alleged victim claimed to be penetrated, and defense counsel skillfully cross-examined him on the absence of such a statement. The alleged victim was also cross-examined well on the absence of a claim of penetration in her written statement. In these circumstances, Jahagirdar's counsel could have reasonably decided that questioning Hogaboom about his grand jury testimony would at best have been cumulative and would have risked eroding the point he had made concerning the lack of any reference to penetration in the report Hogaboom prepared shortly after the alleged incident. Therefore, Jahagirdar has not "overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." Strickland v. Washington, 466 U.S. 668, 689 (1984).

While the court continues to believe that its reasoning on this issue is correct, its conclusion can be described as "debatable." Miller-El, 537 U.S. at 338. Therefore, Jahagirdar's COA Request is being allowed on the issue of whether his trial counsel was ineffective in failing to use Hogaboom's grand jury testimony at trial.

Jahagirdar's COA Request is being denied as to the other issues raised. Each of Jahagirdar's other ineffective assistance of counsel arguments was addressed and rejected in the February 11, 2009 Memorandum and Order and do not present "debatable" questions.

Miller-El, 537 U.S. at 338. Likewise, Jahagirdar's arguments concerning the jury composition and the court's sentencing decision were also previously addressed and rejected. He offers nothing now to call those decisions into question. In addition, Jahagirdar's argument that there was insufficient evidence for conviction relies on a statement made by the court that "[looking at this myself, I would have had a reasonable doubt as to whether the offense charged on Count 1 was proven, as it had to be, beyond a reasonable doubt." COA Request at 5. However, it is well-established that "[a] district court judge is not a thirteenth juror who may set aside a verdict merely because he would have reached a different result." United States v. Rivera Rangel, 396 F.3d 476, 486 (1st Cir. 2005).

On the issues on which the court is denying the COA Request, Jahagirdar may, however, seek a COA from the First Circuit. See Fed. R. App. Proc. 22(b)(1)("If the district judge has denied the certificate, the applicant may request a circuit judge to issue the certificate.")

Accordingly, it is hereby ORDERED that:

1. Jahagirdar's Motion for Reconsideration of Memorandum and Order (Docket No. 15) is DENIED.

2. Jahagirdar's Request for Certificate of Appealability (Docket No. 20) is ALLOWED in part and DENIED in part. It is ALLOWED as to the issues of whether defense counsel's failure to object to the use of an anatomical diagram as a chalk was deficient

and prejudicial, rendering him ineffective; whether Jahagirdar's appellate counsel was ineffective in not raising this issue on appeal; and whether his trial counsel was ineffective in failing to use Trooper Hogaboom's grand jury testimony at trial. It is DENIED as to all other issues.

          /s/ Mark L. Wolf
UNITED STATES DISTRICT JUDGE