```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS


DEEPAK JAHAGIRDAR,              )
     Petitioner,                )
                                )
          v.                    )    C.A. No. 07-10923-MLW
                                )
UNITED STATES OF AMERICA,       )
     Respondent.                )
```

MEMORANDUM AND ORDER

WOLF, D.J.                                              June 24, 2010

I.  INTRODUCTION

Petitioner Deepak Jahagirdar has filed a second motion to vacate, set aside, or correct his sentence under 28 U.S.C. §2255 (the "second §2255 Motion"). Because the First Circuit has not authorized Jahagirdar to file a second or successive §2255 motion, and because transfer of the second §2255 Motion to the First Circuit would be futile, the second §2255 Motion is being dismissed pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts (the "§2255 Rules").

II.  PROCEDURAL HISTORY

On April 5, 2005, Jahagirdar was found guilty following a jury trial of sexual abuse in the special aircraft jurisdiction of the United States, in violation of 18 U.S.C. §2242(2) (Count I) and of abusive sexual contact in the special aircraft jurisdiction of the United States, in violation of 18 U.S.C. §2244(a)(2) (Count II). See United States v. Jahagirdar, 04-10038. Prior to sentencing,

the court dismissed Count II as a lesser included offense of Count I. Jahagirdar was sentenced to 87 months in custody, 24 months supervised release, and a $25,000 fine. His conviction and sentence were affirmed by the First Circuit. See United States v. Jahagirdar, 466 F.3d 149 (1st Cir. 2006).

Jahagirdar sought relief through a motion to vacate, set aside, or correct his sentence under 28 U.S.C. §2255 (the "first §2255 Motion"). The first §2255 Motion, filed pro se, claimed the following grounds justified relief: (1) ineffective assistance of counsel; (2) insufficient evidence; (3) problems with the jury composition; (4) denial of a fair trial; (5) failure of the prosecution to produce exculpatory evidence; and (6) unreasonable sentence. On February 11, 2009, the court denied the first §2255 Motion. See Jahagirdar v. United States, 597 F. Supp. 2d 198 (D. Mass. 2009). Jahagirdar moved for reconsideration, in part because, he argued, the court improperly rejected his assertion of actual innocence, which could have permitted the court to consider his procedurally barred claim of insufficient evidence. On August 28, 2009, the court denied the motion for reconsideration because it raised claims not cognizable under Federal Rule of Civil Procedure 60(b) and was without merit in any event. See Jahagirdar v. United States, 653 F. Supp. 2d 125 (D. Mass. 2009). The court issued a certificate of appealability ("COA") as to some of the claims raised by Jahagirdar and informed him that, as to those

claims for which a COA was denied, he could seek a COA from the First Circuit. See id. at 130-31. Although it appears that Jahagirdar initially pursued an appeal, his appeal was voluntarily dismissed on February 2, 2010. See February 2, 2010 Mandate of the First Circuit, Jahagirdar v. United States, No. 09-1782.

On March 15, 2010, Jahagirdar filed the second §2255 Motion. The new petition makes a "gateway actual innocence claim" for the purpose of presenting two procedurally defaulted claims: (1) insufficient evidence; and (2) false evidence and prosecutorial misconduct.

III. ANALYSIS

The court has reviewed the second §2255 Motion pursuant to Rule 4(b) of the §2255 Rules. The threshold question is whether this court should dismiss or transfer the second §2255 Motion to the First Circuit because the First Circuit did not approve Jahagirdar's filing of a second or successive §2255 motion. See 28 U.S.C. §2255(h); Trenkler v. United States, 536 F.3d 85, 98 (1st Cir. 2008); United States v. Barrett, 178 F.3d 34, 41 (1st Cir. 1999). The phrase "second or successive" is a term of art that does not necessarily encompass every habeas petition and §2255 motion that is literally second or successive. See Slack v. McDaniel, 529 U.S. 473, 486-87 (2000); Sustache-Rivera v. United States, 221 F.3d 8, 12 (1st Cir. 2000). Rather, there are "several situations in which a later petition is not 'second or successive:'

(1) where the later petition raises the same grounds as a previous petition that had been dismissed as premature; (2) where a state prisoner's later petition raises the same grounds as a previous petition that had been dismissed for failure to exhaust state remedies; (3) where the earlier petition terminated without a judgment on the merits; or (4) where the later petition attacks a different criminal judgment." Sustache-Rivera, 221 F.3d at 12-13 (internal citations omitted).

Here, Jahagirdar asserts the third exception. He argues that the court "totally ignored and did not adjudicate the gateway 'actual innocence'" argument in the first §2255 Motion and, therefore, improperly failed to adjudicate the merits of the procedurally defaulted claims. Jahagirdar contends that the court, therefore, rendered no judgment on merits of these arguments and claims.

Jahagirdar's characterization of the prior proceedings is not accurate. The court adjudicated each of the claims raised by the first §2255 Motion. See Jahagirdar, 597 F. Supp. 2d at 205-206. The court expressly considered and rejected the possibility that Jahagirdar's procedural default could be cured by a showing of actual innocence. See id. at 205. The court elaborated on its reasoning in its denial of a COA for this issue. See Jahagirdar, 653 F. Supp. 2d at 130. Indeed, Jahagirdar acknowledged and contested the court's resolution of the actual innocence argument

in his Motion for Reconsideration of the denial of the first §2255 Motion. See Mot. for Reconsideration at 2. If Jahagirdar disagreed with the court's resolution of this issue, nothing prevented him from seeking a COA on the issue from the First Circuit and, if a COA had been granted, from pursuing an appeal. Accordingly, the court cannot conclude that the first §2255 Motion was terminated without a judgment on the merits of the actual innocence argument, and the second §2255 Motion does not fall into any of the exceptions described in Sustache-Rivera. See 221 F.3d at 12-13. The second §2255 Motion is, therefore, second or successive within the meaning of §2255(h) and must be dismissed or transferred to the First Circuit. See Trenkler, 536 F.3d at 98; Pratt v. United States, 129 F.3d 54, 57 (1st Cir. 1997).

The court is not transferring the second §2255 Motion to the First Circuit because such a transfer would be futile. See Trenkler, 536 F.3d at 98. To prevail in the First Circuit upon a request for permission to file a second or successive §2255 motion, Jahagirdar must present either a new rule of constitutional law or newly discovered evidence. See §2255(h). Jahagirdar has presented no relevant new rule of constitutional law. The evidence he seeks to present, specifically the grand jury testimony of Trooper Kevin Hogaboom and the judicial opinion in Commonwealth v. Baldwin, 509 N.E.2d 4 (Mass. Ct. App. 1987), is not newly discovered. The court has already ruled that Jahagirdar and his counsel had access to

Hogaboom's grand jury testimony before trial. See Jahagirdar, 653 F. Supp. 2d at 130. Even assuming a judicial opinion could be new evidence, Baldwin has been publicly available since 1987. See 509 N.E.2d 4. Indeed, Jahagirdar relied on both Hogaboom's grand jury testimony and Baldwin when he asserted his actual innocence argument at the time of the first §2255 Motion. See Reply to Mot. for Summary Disposition at 6-7. Because the court perceives no ground upon which the First Circuit could grant permission for a second or successive §2255 Motion, Jahagirdar's second §2255 Motion is being dismissed.

IV. CERTIFICATE OF APPEALABILITY

Rule 11(a) of the §2255 Rules requires the court to decide when entering a final order adverse to a movant whether a COA should issue. See Pratt, 129 F.3d at 57 (holding dismissal of unauthorized second or successive §2255 motion is a final order if the movant contends that permission of the court of appeals is not required). Determining whether a COA should issue where the petition was dismissed on procedural grounds includes two questions, one directed at the underlying constitutional claims and one directed at the District Court's procedural holding. See Slack, 529 U.S. at 484-85. A COA may be granted where a supposed antecedent procedural bar prevented the District Court from reaching the constitutional claim if (1) the soundness of the procedural ruling is debatable, and (2) the constitutional claim is

colorable. See Mateo v. United States, 310 F.3d 39, 40 (1st Cir. 2002). "Section 2253 mandates that both showings be made before the Court of Appeals may entertain an appeal." Slack, 529 U.S. at 485. Therefore, a COA will not issue if either question is answered in the negative. See id.

To meet both elements for a COA, the petitioner must show "at least that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural rulings." Id. at 478. An issue "can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that petitioner will not prevail." Miller-El v. Cockrell, 537 U.S. 322, 338 (2003). However, the "issuance of a COA must not be pro forma or a matter of course" because Congress has "confirmed the necessity and the requirement of differential treatment for those appeals deserving of attention from those that plainly do not." Id. at 337.

The question in this case can be disposed of properly by looking only at the soundness of the court's procedural decision. See Slack, 529 U.S. at 485; Mateo, 310 F.3d at 40. The court has found the Jahagirdar has improperly filed a second or successive §2255 motion without the permission of the First Circuit. No reasonable jurist could find this conclusion to be debatable. See

United States v. Harper, 545 F.3d 1230, 1233-34 (10th Cir. 2008)(denying COA for dismissal of unauthorized second or successive §2255 motion). Therefore, a COA is not being granted.

Because the court is denying a COA, Jahagirdar may seek a COA from the First Circuit. See Fed. R. App. P. 22; §2255 Rule 11(b).

V. ORDER

In view of the foregoing, it is hereby ORDERED that:

1. Jahagirdar's Later Motion Under §2255 to Vacate Sentence (Docket No. 29) is DISMISSED.

2. A Certificate of Appealability is DENIED.

3. Jahagirdar's Motion for Discovery of Documents (Docket No. 30) is MOOT.

                    /s/ Mark L. Wolf
                 UNITED STATES DISTRICT JUDGE